UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD | MISC. NO. 06-0045 |
| versus | |
| ALL SEASONS CONSTRUCTION, INC., ELA CONSTRUCTION, INC., THERESA N. ANGEL and EDWARD L. ANGEL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

Before the court is a Motion to Reconsider (Doc. 10). The motion pertains to two orders issued by this court on September 6, 2006 and September 19, 2006 enforcing certain subpoenas issued by the NLRB to ELA Construction, Inc., Edward L. Angel and Theresa N. Angel ("Movants") pursuant to the Board's authority under 29 U.S.C. § 161.[1] For the reasons that follow, the Motion is denied.

**Procedural History**

On September 1, 2006, the NLRB instituted this miscellaneous proceeding against Defendants by filing an application for a summary order requiring Defendants' compliance with investigative subpoenas. Doc. 1. The subpoenas seek information relevant to the

---

[1] Similar relief was granted in the related matter, CV 06-0049. See Doc. 2. The respondents in that matter are ELA Group, Inc. (which has not joined in the instant motion to reconsider) and Theresa N. Angel. It should be noted that All Seasons Construction, Inc. also has not joined in the motion to reconsider in this action.

enforcement of an NLRB order that All Seasons Construction, Inc. ("All Seasons") pay $37,455.87 in backpay for committing unfair labor practices. The underlying action began when the NLRB instituted proceedings against All Seasons and alleged that All Seasons violated the National Labor Relations Act when it laid off certain employees, and failed to hire other employees, because of their activities on behalf of a union. The NLRB ordered All Seasons to reinstate the victims of the discrimination and to pay backpay. The Fifth Circuit Court of Appeals enforced the NLRB's order. The NLRB issued a supplemental decision that fixes All Seasons' backpay liability at $37,455.87. The Fifth Circuit Court of Appeals also enforced the supplemental decision.

The NLRB alleges that All Seasons has failed to comply with the Fifth Circuit's judgment enforcing the supplemental decision. The NLRB also alleges that Edward L. Angel, president and sole owner of All Seasons, contends that All Seasons is insolvent and has no assets with which to fulfill its backpay obligations. While the NLRB has requested documentation to support those assertions, none has been provided.

The NLRB alleges that Mr. Angel has created new corporations with the same address and telephone numbers as All Seasons. Those new corporations are: ELA Construction, Inc. and ELA Group, Inc. On October 31, 2005, the NLRB issued subpoenas duces tecum to All Seasons, ELA Construction, Inc. and ELA Group, Inc. On December 22, 2005, a subpoena also was served on Theresa N. Angel. The NLRB alleges that no petitions to revoke the

subpoenas were ever filed, but the NLRB received no response to the subpoenas.[2] Consequently, the NLRB filed this miscellaneous proceeding seeking an order compelling All Seasons Construction, Inc., ELA Construction, Inc., Theresa N. Angel and Edward L. Angel to produce the documents requested by the subpoenas and to reimburse the NLRB for its costs and attorneys fees in prosecuting the subpoena enforcement action.

On September 6, 2006, this court entered an order directing All Seasons Construction, Inc., ELA Construction, Inc., Edward L. Angel and Theresa N. Angel to produce, within ten business days of the date of the order, the books and records described in the subpoenas duces tecum. The order further provided that All Seasons Construction, Inc. ELA Construction, Inc., Edward L. Angel and Theresa N. Angel shall reimburse the NLRB for reasonable costs and attorney's fees in initiating and prosecuting the subpoena enforcement action.

By letter dated September 15, 2006, counsel for the NLRB advised the court that the order was sent to Defendants by Federal Express, but each of the letters was returned to counsel because delivery of the letters was refused. Counsel further represents that Defendants have a "history of ignoring not only subpoenas but all correspondence from [him]." The court then ordered (Doc. 3) that the U.S. Marshal serve the court orders on Defendants and that Defendants produce the requested documents within ten days. Service

---

[2] The NLRB now asserts that Theresa Angel did file a Petition to Revoke, which was denied, but she asserted therein only that ELA Group was not related to All Seasons. Opposition of NLRB, Doc. 13, ¶ 2, p.4.

returns (Docs. 6-9) reflect that the service was effected. Movants thereafter filed this motion to reconsider.

**The Motion to Reconsider**

Movants ask the court to vacate the prior orders requiring compliance with the subpoenas. Movants argue that the subpoenas are unreasonable, unduly burdensome, harassing and seek information which is not relevant. Movants attach correspondence showing that, once Movants' counsel was retained, Movants contacted counsel for NLRB and proposed alternative arrangements in an attempt to resolve the disputes concerning the subpoenas. These included producing and copying, in Shreveport and at NLRB's expense, certain "discreet categories of documents" and a "substantial quantity" of boxes of archived records and job files. Movants' counsel also offered to make Mr. Angel available for his deposition on December 19, 2006, but because of a scheduling conflict, for one day only. Ex. 1 to Motion, Doc. 10. The NLRB rejected the offers and insisted on Movants' compliance with the subpoenas and orders.

The NLRB forcefully opposes the motion to reconsider and details in its brief the exhaustive efforts it has made to obtain documentation relative to (a) All Season's purported insolvency and inability to comply with the supplemental backpay order and (b) whether the new entities, ELA Group and ELA Construction, are simply "disguised continuances" of All Seasons and, therefore, derivatively liable for remedying All Season's unfair labor practices. The NLRB further argues that the motion should be denied because Movants waived their

objections when they failed to raise them during the administrative proceedings. See EEOC v. Cuzzens of Georgia, 608 F.2d 1062 (5th Cir. 1979); NLRB v. Baywatch Security and Investigations, 2005 WL 1155109 (S.D. Tex. 2005).

**Analysis**

When called upon to enforce an administrative subpoena, a court's role is limited to evaluating whether (1) the subpoena was issued for a lawful purpose within the statutory authority of the issuing agency; (2) the documents requested are relevant to that purpose; and (3) the subpoena demand is reasonable and not unduly burdensome. Winters Ranch Partnership v. Viadero, 123 F.3d 327, 329 (5th Cir. 1997); NLRB v. Baywatch Security and Investigations, supra. Movants recognize that the NLRB is given broad investigatory powers, including the right to inspect and copy relevant records of a party under investigation. Movant's Memorandum, p. 2. Indeed, the NLRB is empowered to "get information from those who best can give it and those who are most interested in not doing so." United States v. Morton Salt Co., 338 U.S. 632, 642 (1950). This includes subpoenas to any person (even a non-party to a complaint) who may have information relevant to an investigation. Link v. NLRB, 330 F.2d 437, 440 (4th Cir. 1964). Therefore, there is no question that the subpoenas at issue here were properly issued to Movants for a lawful purpose and within the statutory authority of the issuing agency. See 29 U.S.C. § 161 (Investigatory Powers of Board).

With respect to the next factor, relevance, the court has reviewed the categories of documents requested and finds that the requests seek documents and information that are relevant to the NLRB's investigation of All Seasons. Mr. Angel has maintained that All Seasons is insolvent and "has no contracts, employees, revenue or assets." Letter from Edward L. Angel to Joseph Hoffman dated May 18, 2005 (Doc. 1-6). The subpoenas issued to Movants are designed to determine whether All Seasons is really out of business and whether ELA Construction and ELA Group are disguised continuances of All Seasons. Opposition of NLRB, pp. 4-5. The NLRB asserts that ELA Construction and ELA Group are in the construction business in Shreveport and are operating from the same address with the same telephone number used by All Seasons. Id. at 5. The NLRB also points to a letter from Mary A. Croft, Secretary-Treasurer of All Seasons Construction, Inc., to the State of Louisiana Board for Contractors, enclosing a corporate resolution *changing the name* of All Seasons Construction, Inc. to ELA Construction, Inc. See Doc. 19-9 (Exhibit 9 to NLRB's Sur-Reply, Doc. 19). The date of the cover letter is December 20, 2002, which is just a few months after the Fifth Circuit's August 28, 2002 enforcement judgment. Doc. 1-3. Accordingly, the court finds that the relevance requirement is satisfied.

The final factor explores whether the subpoenas are reasonable and not unduly burdensome. There is no doubt that the subpoenas are broadly worded in an attempt to thoroughly explore the relationship between and among the Angels and the ELA companies. While it would certainly be a burden for any person or entity to comply with the subpoenas,

the court finds that, under the circumstances of this case, the subpoenas are not unduly burdensome. To confirm or dispel the NLRB's suspicions that the new companies are simply disguised continuances of All Seasons, the NLRB is acting reasonably and within is broad investigatory powers to examine relevant records and transactions, and some of those records might or will touch upon the personal finances and transactions of the Angels. But that is not a basis for this court to recall or modify its prior orders. And while the court ordinarily would require the party in an ordinary civil action seeking business records of its opponent to travel to the opponent's office and review and copy the records at its own expense, this is no ordinary civil action. The circumstances in this case, including the past conduct of Mr. Angel as reflected in the documentation, justify imposing the burden on Movants of organizing and delivering the records to the NLRB's counsel's office for review.

While there is some potential overlap in the descriptions of the documents requested, that is understandable in this case due to Movants' prior refusal to cooperate with the NLRB and the NLRB's obvious desire to obtain the relevant documents without unnecessary argument regarding the scope of any particular request. Obviously, if certain documents are responsive to more than one request, they need only be produced once.

**Other Issues**

Movants also complain about the ex parte and summary nature of this subpoena enforcement action and the lack of proper service of the subpoenas. However, as the NLRB points out, Movants failed to take advantage of their opportunities to raise timely objections.

Theresa Angel did file a Petition to Revoke her subpoena, but the Board denied the Petition. Thus, she was either served, or she waived her objections to improper service by not raising the issue in her Petition to Revoke. As to Edward L. Angel and ELA Construction, Inc., the documentation attached to the NLRB's sur-reply (Doc. 19) shows that their subpoenas were properly served on November 7, 2005 [well over a year a go] pursuant to 29 U.S.C. § 161(4).

**Conclusion**

The court has considered all of the arguments of Movants, including those specifically addressed above, and finds the arguments unavailing. The documentation presented, including the facts and circumstances outlined in Judge West's Supplemental Decision dated June 8, 2005 (Doc. 19-1), shows a pattern of evasion by Mr. Angel of the NLRB's investigation and processes. It is time for such evasion to stop.[3] Movant's Motion to Reconsider is **denied**. Movants are ordered to comply with the prior orders of this court no later than **February 28, 2007**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 7th day of February, 2007.

                                                MARK L. HORNSBY
                                    UNITED STATES MAGISTRATE JUDGE

---

[3] Mr. Angel's evasive tactics continued even after this court issued its Memorandum Order directing service of the prior order by the U.S. Marshal. After he was served by the Marshal, Mr. Angel wrote to counsel for the NLRB (and faxed a copy to the court) acknowledging receipt of the order, but complaining that the order did not state what documentation the NLRB was requesting. Instead of simply asking for clarification from Mr. Hoffman, Mr. Angel demanded that yet another order be issued by the court and served on him by the Marshal. Doc. 5.